**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LORRIE HENDERSON,<br><br>**Plaintiff,**<br><br>v.<br><br>MANOJ PARBATSINGH GHAYALOD,<br><br>**Defendant.** | **CIVIL NO.** 24-1442(RAM) |

**OPINION AND ORDER**

RAUL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Plaintiff Lorrie Henderson's *Motion in Limine* (the "*Motion*"). (Docket No. 51). After reviewing the parties' submissions in support and opposition, the *Motion* is hereby **GRANTED IN PART** and **DENIED IN PART**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2024, Plaintiff Lorrie Henderson ("Plaintiff" or "Ms. Henderson") filed a *Complaint* asserting tort claims under Puerto Rico law against Defendant Manoj Parbatsingh Ghayalod ("Defendant" or "Mr. Ghayalod") arising from domestic abuse that allegedly occurred on April 3, 2024. (Docket No. 1). On January 10, 2025 Plaintiff filed an *Amended Complaint*. (Docket No. 23). Therein, Plaintiff seeks emotional and compensatory damages in excess of $6,000,000 as well as punitive damages, both under Puerto Rico's Civil Code. Id. at 8.

Civil No. 24-1442 (RAM)                                                    Page 2

Plaintiff filed a *Motion in limine* on January 19, 2026, requesting both exclusionary and inclusionary relief. (Docket No. 51). Specifically, Plaintiff asks that testimony regarding the following subject matters be excluded: Plaintiff's prior drug use; Plaintiff's alcohol consumption; Plaintiff's prior mental health treatment; and Plaintiff's prior abusive relationship as well as the restraining order obtained against her first ex-husband. Id. Plaintiff also requests that questions regarding her being schizophrenic or suffering from hallucinations be excluded. Additionally, Plaintiff asks that evidence as to Defendant's financial condition be included for punitive damages purposes. Id. On February 10, 2026, Defendant filed an *Opposition.* (Docket No. 64).

## II.  APPLICABLE LAW

"To be admissible at trial, evidence must be relevant, tending to prove a "'fact that is of consequence to the determination of the action.'" Amarin Plastics, Inc. v. Maryland Cup Corp., 946 F.2d 147, 150 (1st Cir. 1991) (citing Fed. R. Evid. 401, 402).

Fed. R. Evid. 404(b)(1) establishes prohibited uses of character or propensity evidence, stating that "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Conversely, Fed R. Evidence 404(b)(2) provides "[t]his evidence may be admissible for

Civil No. 24-1442 (RAM)                                                          Page 3

another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Even if admissible, pursuant to Fed. R. Evid. 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Accordingly, "[t]he admissibility of Rule 404(b) evidence is considered in two steps: "first, a court must determine whether the evidence in question has any special relevance exclusive of [the witness'] character or propensity; and second, notwithstanding its special relevance, whether the evidence meets the standard set forth in Fed.R.Evid. 403." United States v. Landrau-Lopez, 444 F.3d 19, 23 (1st Cir. 2006).

When evaluating whether evidence should be stricken under Fed. R. Evid. 403, the First Circuit has cautioned that because all evidence is meant to be prejudicial by design, "a district court's rulings under Rule 403 must avoid only 'unfair' prejudice." United States v. Villa-Guillen, 102 F.4th 508, 518 (1st Cir. 2024) (quoting United States v. Morales-Aldahondo, 524 F.3d 115, 119-20 (1st Cir. 2008)). Nevertheless, "even 'concededly relevant evidence' should be excluded if it would otherwise 'lure the

Civil No. 24-1442 (RAM)                                              Page 4

factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" Id. quoting (United States v. García-Sierra, 994 F.3d 17, 33 (1st Cir. 2021)).

### III. DISCUSSION

**A. Testimony regarding prior drug use**

Plaintiff seeks to exclude her deposition testimony discussing how she had tried cocaine, THC, and marijuana at some point after 2012. (Docket No. 51 at 2-4). Ms. Henderson argues that evidence regarding a witness' drug use "is only relevant as to the ability of the witness to perceive the underlying events and testify lucidly at trial." Id. (quoting Jarret v. United States, 822 F.2d 1438 (7th Cir. 1987)). Per Plaintiff, there is no evidence of her drug use on the day of the events alleged in the Amended Complaint. Id. Lastly, even if admissible, she contends evidence regarding drug use should be excluded because it can prompt improper bias for the jury pursuant to Fed. R. Evid. 403.

Defendant counters that exclusion is improper given that he does not seek to use the testimony as impermissible character or propensity evidence, but rather for limited proper purposes, such as: credibility and perception, Plaintiff's memory, Plaintiff's interpretation of Defendant's conduct, relationship context, and damages and causation. (Docket No. 64 at 2-3). Defendant maintains that these are permitted uses of evidence pursuant to Fed R. Evid. 404(b)(2). Id.

Civil No. 24-1442 (RAM)                                          Page 5

The parties agree that evidence regarding Plaintiff's prior drug use constitutes evidence that generally is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." United States v. Perez-Greaux, 83 F.4th 1, 29 (1st Cir. 2023) (citing Fed. R. Evid. 404(b)). The question before the Court is whether this evidence may properly be used for other purposes.

Defendant has not established that this evidence has a "special relevance" exclusive of Plaintiff's character or propensity. Courts have held that "a history of drug use lacks probative value of showing a propensity to lie on the stand." United States v. Diaz-Colon, 651 F. Supp. 3d 468, 481 (D.P.R. 2023), aff'd, 163 F.4th 1 (1st Cir. 2025) (quotations omitted) (cleaned up). Therefore, evidence of prior drug use cannot be used to question Plaintiff's credibility in general. Defendant asserts that because Plaintiff admitted to using drugs during their six-month relationship, this evidence is relevant to question Plaintiff's recollection of the events. (Docket No. 64 at 3). However, Defendant does not allege that Plaintiff was using drugs when the incidents that gave rise to the *Amended Complaint* occurred. *See* Ritch v. A M Gen. Corp., No. CIV. 93-451-SD, 1997 WL 834214, at *4 (D.N.H. Nov. 17, 1997). Furthermore, Defendant does not proffer any evidence, let alone expert testimony, to establish a link between Plaintiff's drug use and the symptoms for which she

Civil No. 24-1442 (RAM)                                                    Page 6
_____

currently seeks to recover damages. *See* <u>Gazlay v. Buck Rub Pub,
Lodge & Realty, LLC</u>, No. 22-CV-138-AJ, 2024 WL 7010497, at \*1
(D.N.H. Feb. 22, 2024). Accordingly, in the absence of such a
proffer, Plaintiff's request to exclude testimony regarding prior
drug use is **GRANTED**.

### B. Testimony regarding Plaintiff's alcohol consumption

Plaintiff requests the exclusion of her deposition testimony
admitting that she drank beer with Defendant and considers herself
a "drinker," arguing that it is irrelevant and inadmissible as it
lacks probative value per Fed. R. Evid. 401. (Docket No. 51 at 4-
5). She further asserts that no evidence shows that Plaintiff had
an alcoholic drink on the date of the events alleged in the *Amended
Complaint* nor that the events were caused by her alcohol
consumption. <u>Id.</u>

Defendant contends testimony regarding alcohol consumption
will only be used for permissible purposes, not character evidence.
(Docket No. 64 at 3-4). Moreover, he claims there is a genuine
controversy of fact as to whether Plaintiff was consuming alcohol
on the day of the incident and thus, he should be entitled to
question her about her drinking. <u>Id.</u> at 4. Accordingly, Plaintiff's
request to exclude testimony regarding her alcohol consumption is
**DENIED**.

Civil No. 24-1442 (RAM)                                                    Page 7

### C. Testimony regarding prior mental health treatment

Plaintiff asks that the Court exclude her testimony that she has previously participated in behavioral counseling due a rough patch with her previous husband and received mental health medication prior to 2010. (Docket No. 51 at 5-6). Ms. Henderson posits that this medical treatment lacks temporal proximity to the events of the *Complaint*, lacks probative value, and could lead to undue prejudice if provided to the jury. Id.

Defendant argues that Plaintiff's prior treatment is relevant to Plaintiff's preexisting conditions; alternative causes of emotional distress; severity of symptoms; and credibility and perception. (Docket No. 64 at 4).

Defendant correctly notes, albeit without providing supporting citations as required by Local Rule 7(a), that courts routinely permit evidence of prior mental health treatment in cases where emotional distress damages are claimed. *See* Lund v. Henderson, 807 F.3d 6, 12 (1st Cir. 2015) (noting that plaintiff's "prior psychiatric condition was directly relevant to their claimed [emotional] damages," and thus was correctly admitted even if his pre-existing mental illness and behavior led jurors to question his credibility); Morris v. Long, No. 1:08-CV-01422-AWI, 2012 WL 1498889, at *4 (E.D. Cal. Apr. 27, 2012)("Plaintiff's mental health and medical histories may contain evidence to controvert the claim that Plaintiff's physical and emotional

Civil No. 24-1442 (RAM)                                              Page 8

injuries were caused by Defendant."); <u>Gazlay</u>, No. 22-CV-138-AJ, 2024 WL 7010497, at *5.

In light of the above, evidence regarding Plaintiff's prior mental health treatment is relevant to issues of damage and causation and is thus admissible for said purposes. However, this evidence should not be used to generally challenge Plaintiff's credibility. Plaintiff's blanket request to exclude testimony regarding her prior mental health treatment is **DENIED.**

**D. Testimony regarding Plaintiff's prior abusive relationship**

Plaintiff seeks the exclusion of her testimony regarding domestic abuse that occurred during her first marriage over a decade ago and the fact that she obtained a restraining order against her first ex-husband. (Docket No. 51 at 6—7). Plaintiff asserts that this testimony is irrelevant and highly prejudicial. <u>Id.</u> Defendant maintains that Ms. Henderson's prior psychological suffering in the context of a previous marriage is relevant to determining damages and is relevant as to credibility. (Docket No. 64 at 5-6).

Even if evidence of prior domestic abuse holds some probative value, said value would be substantially outweighed by unfair prejudice to Plaintiff. *See e.g.,* <u>Gazlay</u>, No. 22-CV-138-AJ, 2024 WL 7010497, at *5 (D.N.H. Feb. 22, 2024) (excluding references to plaintiff's sexual assault but allowing "references to the fact that he experienced an unspecified trauma which resulted in his

PTSD diagnosis, as well as any related symptoms[.]"). As noted above, Defendant can inquire about Plaintiff's previous mental health treatment and symptoms arising from difficulties in her previous marriage. However, Defendant may not elicit testimony regarding the specific nature of the domestic abuse Plaintiff faced in her first marriage. Plaintiff's request to exclude testimony regarding her previous incidents of domestic abuse and restraining orders is **GRANTED.**

### E. Questions regarding schizophrenia and hallucinations

Plaintiff notes that at her deposition, she denied being schizophrenic or suffering from hallucinations, and contends that the record lacks evidence to justify asking these questions at trial. (Docket No. 51) at 8). Defendant argues that this request is premature and overbroad and asserts that the proper remedy is a contemporaneous objection. The Court agrees with Defendant and concludes that exclusion is not proper at this juncture. Therefore, Plaintiff's request to exclude questions regarding schizophrenia and hallucinations is **DENIED WITHOUT PREJUDICE.**

### F. Evidence regarding Defendant's financial condition

Lastly, Plaintiff asks that the Court allow her to present evidence regarding Defendant's finances at trial. She points to Acevedo-Luis v. Pagan, whereby the First Circuit held that the trial court "committed no error in instructing the jurors that they could consider [defendant's] financial resources, in her

Civil No. 24-1442 (RAM)                                                    Page 10

personal capacity, in fixing the amount of punitive damages." 478 F.3d 35, 39 (1st Cir. 2007). However, as the Court previously held in its order at Docket No. 46, Article 1538 of the Puerto Rico Civil Code caps punitive damages, providing that they shall not be greater than the amount of damage caused (*i.e.*, not greater than compensatory damages awarded). P.R. Laws. Ann. Tit. 31 § 10803. Acevedo-Luis predates Article 1538 of the Puerto Rico Civil Code and cannot contravene the clear text of the statute. Accordingly, Plaintiff's request to present evidence regarding Defendant's finances is hereby **DENIED.**

## IV.   CONCLUSION

In accordance with the above, Plaintiff's *Motion in Limine* at Docket No. 51 is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff's requests to exclude testimony regarding alcohol consumption and prior mental health treatment, as well as questioning regarding schizophrenia and hallucinations, are **DENIED.** Plaintiff's requests to exclude testimony regarding prior drug use and previous incidents of domestic abuse and a restraining order in her first marriage are **GRANTED.** Furthermore, Plaintiff's request to include evidence regarding Defendant's financial condition is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 16th day of April 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
