**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LORRIE HENDERSON, **Plaintiff**, v. MANOJ PARBATSINGH GHAYALOD, **Defendant**. | **CIVIL NO.** 24-1442(RAM) |

## OPINION AND ORDER[1]

RAUL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court are Defendant Manoj Parbatsingh Ghayalod ("Defendant" or "Mr. Ghayalod")'s *Motion in Limine to Exclude References to Criminal Proceedings, Arrest, Bail, Charges, and Criminal Trial*; *Motion in Limine to Exclude Inflammatory Labels, Character Attacks and Prejudicial Language*; and *Motion in Limine to Exclude any Testimony or Evidence regarding Medical Causation and Damages* (collectively, the "*Motions in Limine*"). (Docket Nos. 52, 53, and 54, respectively) After reviewing the parties' submissions in support and opposition, the *Motion in Limine* at Docket No. 52 is **DENIED**; the *Motion in Limine* at Docket No. 53 is **GRANTED**; and the *Motion in Limine* at Docket No. 54 is **DENIED**.

---

[1] Carla Marin-Llovet, a second-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Opinion and Order.

Civil No. 24-1442 (RAM)                                                    Page 2

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2024, Plaintiff Lorrie Henderson ("Plaintiff" or "Ms. Henderson") filed a *Complaint* asserting tort claims under Puerto Rico law against Defendant Manoj Parbatsingh Ghayalod ("Defendant" or "Mr. Ghayalod") arising from - domestic abuse that allegedly occurred on April 3, 2024. (Docket No. 1). On January 10, 2025 Plaintiff filed an *Amended Complaint*. (Docket No. 23). Therein, Plaintiff seeks emotional and compensatory damages in excess of $6,000,000 as well as punitive damages, both under Puerto Rico's Civil Code. Id. at 8.

On January 19, 2026, Defendant filed three *Motions in Limine*. (Docket Nos. 52, 53, and 54). Specifically, Defendant seeks to exclude: (1) references to the parallel criminal proceeding currently ongoing; (2) inflammatory labels, character attacks, and prejudicial language against his person; and (3) any testimony or evidence regarding medical causation and damages. Id. On Febraury 11, 2026, Plaintiff filed *Oppositions* to the *Motions in Limine* at Docket Nos. 52 and 54. (Docket Nos. 68 and 69). She did not oppose Defendant's request to exclude inflammatory labels, character attacks, and prejudicial language.

## II.    APPLICABLE LAW

"To be admissible at trial, evidence must be relevant, tending to prove a "'fact that is of consequence to the determination of

the action.'" Amarin Plastics, Inc. v. Maryland Cup Corp., 946 F.2d 147, 150 (1st Cir. 1991) (citing Fed. R. Evid. 401, 402).

Even if the evidence is admissible, pursuant to Fed. R. Evid. 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Accordingly, "[t]he admissibility of Rule 404(b) evidence is considered in two steps: "first, a court must determine whether the evidence in question has any special relevance exclusive of [the witness'] character or propensity; and second, notwithstanding its special relevance, whether the evidence meets the standard set forth in Fed.R.Evid. 403." United States v. Landrau-Lopez, 444 F.3d 19, 23 (1st Cir. 2006).

When evaluating whether evidence should be stricken under Fed. R. Evid. 403, the First Circuit has cautioned that because all evidence is meant to be prejudicial by design, "a district court's rulings under Rule 403 must avoid only 'unfair' prejudice." United States v. Villa-Guillen, 102 F.4th 508, 518 (1st Cir. 2024) (quoting United States v. Morales-Aldahondo, 524 F.3d 115, 119-20 (1st Cir. 2008)). Nevertheless, "even 'concededly relevant evidence' should be excluded if it would otherwise 'lure the factfinder into declaring guilt on a ground different from proof

Civil No. 24-1442 (RAM)                                                    Page 4

specific to the offense charged.'" Id. quoting (United States v.

García-Sierra, 994 F.3d 17, 33 (1st Cir. 2021)).

### III. DISCUSSION

**A. References to criminal proceedings, arrest, bail, charges, and criminal trial**

Defendant requests that the Court exclude any reference to the criminal proceedings arising from the same set of alleged facts as the present civil tort case. (Docket No. 52). He argues that because no adjudication of criminal liability has been made, he is presumed innocent and thus presenting evidence of the criminal proceedings would only cause undue prejudice and confusion in the jury. Id. at 2.

In her *Opposition*, Plaintiff contends that the evidence regarding specific elements of the parallel criminal proceedings is highly relevant and probative to the present civil case. (Docket No. 68). Plaintiff specifically references the testimony of the police officers that responded to Plaintiff's 9-1-1 call and witnessed her physical and emotional injuries, as well as the arrest warrant and criminal complaint. Id. at 2. Moreover, she posits that limiting jury instructions is more appropriate to address any confusion or prejudice rather than an all-encompassing blanket *in limine* at this stage. Id. at 4.

The Court agrees with Plaintiff. Defendant's request to strike any element of the criminal proceeding is overbroad. Given

Civil No. 24-1442 (RAM)                                                    Page 5

the parallel nature of the criminal and civil proceedings, specific elements of the criminal proceedings, such as those identified by Plaintiff, are highly relevant to Plaintiff's claims. At this juncture, the Court cannot adequately evaluate whether the danger of prejudice substantially outweighs the probative value of the evidence Defendant seeks to exclude. *See* Flebotte v. Dow Jones & Co., No. 97-30117-FHF, 2001 WL 35988080, at *1 (D. Mass. Jan. 24, 2001). The Court further notes that in light of the continuance granted at Docket No. 74, the criminal trial will have concluded prior to the civil jury trial in this case. Thus the parties will be in a better position to brief this matter having seen and heard the evidence that is presented at the criminal trial.

Accordingly, the Court finds that the issue of whether references to criminal proceedings should be excluded is best addressed at trial. The admissibility of testimony regarding the parallel criminal proceeding may not be elicited from any witness without prior approval by the court. Witnesses shall be instructed not to volunteer such information during their testimony. Defendant's request to exclude testimony regarding the parallel criminal proceeding is thus **DENIED WITHOUT PREJUDICE.**

### B. Inflammatory labels, character attacks, and prejudicial language

Defendant claims that Plaintiff employs "inflammatory epithets, pejorative characterizations, and emotionally charged

rhetoric to describe Defendant" in their pleadings such as "wife-beater" and "abuser." (Docket No. 53). In his *Motion in Limine* at docket No. 53, Defendant requests that the Court exclude such labels from opening statements, witness examinations, and closing arguments at trial. Id. Mr. Ghayalod contends that allowing these "conclusory character attacks" during trial poses a substantial risk of unfair prejudice and confusion for the jury as they are argumentative, and "designed to inflame rather than inform." Id. Plaintiff did not oppose this request.

When assessing whether the use of particular language is improper at trial, courts must "look beyond the technical accuracy of a phrase and consider such factors as the 'threat of unfair prejudice, frequency of use, and alternative means of description.'" United States v. Carpenter, 494 F.3d 13, 23 (1st Cir. 2007) (quoting United States v. Felton, 417 F.3d 97, 103 (1st Cir.2005)). Despite the potential accuracy of the terms, utilizing phrases such as "wife-beater" and "abuser" creates a high threat of unfair prejudice and the risk of inflaming the jury's passions against Defendant. *See* Carpenter, 494 F.3d 18 (upholding a new trial where the district court held that the government's repeated use of gambling metaphors during closing arguments may have induced a verdict based on the jury's moral disapproval of gambling rather than a conclusion that defendant had committed fraud). Although Defendant is not entitled to "platitudes and euphemisms" to

summarize the alleged conduct, opposing counsel has the obligation to desist from using "pejorative language and inflammatory rhetoric" during trial. *See* United States v. Rodriguez-Estrada, 877 F.2d 153, 159 (1st Cir. 1989). Therefore, the Court **GRANTS** Defendant's request to exclude inflammatory language such as "abuser" and "wife-beater" during Plaintiff's opening statements, witness examinations, and closing arguments at trial.

## C. Testimony or evidence regarding medical causation and damages

Defendant asks that Plaintiff, her counsel, and witnesses be precluded from introducing evidence, testimony, medical records, or arguments to establish medical and/or psychological conditions and from linking them causally to Defendant's alleged conduct. (Docket No. 54). Defendant argues that medical expert testimony is required to support any claims of that nature. Id. Defendant notes that Plaintiff has not disclosed any expert witnesses for trial as required by Fed. R. Civ. P. 26(a)(2), and that per Fed. R. Evid. 701, opinion testimony by lay witnesses cannot be based on "scientific, technical, or other specialized knowledge[.]" Id. In the absence of expert testimony, Defendant contends that lay witness testimony and written medical records are insufficient to establish medical causation and the extent of physical and psychological damages in correlation with the alleged violent incident. Id.

Civil No. 24-1442 (RAM)                                                    Page 8

Plaintiff's *Opposition* first notes that Defendant fails to cite authorities for the proposition that expert testimony is required to prove a causal connection between an attack and resulting injuries, both physical and emotional. (Docket No. 69 at 1-3). On her part, Plaintiff provides citations to cases to support her argument, as required by Local Rule 7(a). Moreover, Plaintiff claims that the medical records "speak for themselves," corroborating her account of the events without requiring expert testimony. Lastly, Plaintiff avers that Defendant's blanket request is premature. Id. at 4.

As noted by Plaintiff, "[e]xpert testimony does not assist where the [trier of fact] has no need for an opinion because it easily can be derived from common sense, common experience, the [trier of fact's] own perceptions, or simple logic." United States v. Zajanckauskas, 441 F.3d 32, 39 (1st Cir. 2006) (quoting 29 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 6264 (2005)). Accordingly, courts have held that lay witnesses cannot establish the cause of their injuries, and must provide expert testimony to do so, "unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile." Simpson v. Ne. Illinois Reg'l Commuter R.R. Corp., 957 F. Supp. 136, 138 (N.D. Ill. 1997) (internal quotation omitted); *see also* Ziehm v. Radioshack Corp., No. CIV. 09-69-P-S, 2010 WL 2079550, at *5 (D. Me. May 22, 2010),

report and recommendation adopted, No. CIV 09-69-P-S, 2010 WL 2680024 (D. Me. July 1, 2010)(citations omitted)(collecting cases). ("While a layperson is not competent to diagnose the cause of [their] symptoms, it is within the realm of ordinary experience, and thus need not be established by expert testimony, that harassment can cause stress.").

In the *Amended Complaint*, Plaintiff alleges that Defendant "smash[ed]" her head and body against the concrete floor; dragged her to another room; and stomped on her head until she lost consciousness. (Docket No. 23 ¶¶ 12-15). The Court finds that it would be obvious to laymen that the alleged conduct would result in physical and emotional damages to Plaintiff. However, the admissibility of evidence regarding the causation of Plaintiff's medical conditions depends on the scope of said evidence. *See* Marquez-Marin v. Garland, No. 3:16-CV-01706-JAW, 2021 WL 3557695, at *3 (D.P.R. Aug. 11, 2021) (concluding that Plaintiff's claim that discrimination caused her stress did not require expert testimony but that her claim that the stress exacerbated her cancer and other ailments did require expert testimony, because unlike "loss of hearing caused by loud noises, it is not obvious to laymen that stress from work can exacerbate an employee's cancer or shoulder injury"). To the extent that Plaintiff's testimony, evidence, and witnesses as to causation rely on scientific, technical, or other specialized knowledge, it would be

inadmissible expert opinion. Whether evidence regarding Plaintiff's alleged injuries and the causes thereof constitutes permissible lay opinion or inadmissible expert opinion is a matter that is best addressed at trial. Accordingly, Defendant's request to exclude any evidence or testimony regarding the causation of Plaintiff's medical and emotional damages is **DENIED.**

## IV.  CONCLUSION

In accordance with the above, Defendant's *Motion in Limine* at Docket No. 52 is **DENIED;** the *Motion in Limine* at Docket No. 53 is **GRANTED;** and the *Motion in Limine* at Docket No. 54 is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 16th day of April 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge